# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2188

_____

Lucie Kouadio,                         *
                                       *
             Petitioner,     *
                                       *
                                       *   Petition for Review of
      v.                            *   an Order of the Board
                                       *   of Immigration Appeals.
Michael B. Mukasey,[1] Attorney        *
General,                               *   [UNPUBLISHED]
                                       *
            Respondent.     *

_____

Submitted: August 5, 2008
Filed: August 8, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lucie Kouadio, a native and citizen of the Ivory Coast, petitions for review of an order of the Board of Immigration Appeals, which dismissed her appeal of an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rules of Appellate Procedure 43(c).

This court lacks jurisdiction to review the determination that Kouadio's application for asylum was untimely. See 8 U.S.C. § 1158(a)(3); see also Ngure v. Ashcroft, 367 F.3d 975, 989 (8th Cir. 2004) (judicial review of finding that alien did not show changed or ordinary circumstances relating to delay in filing asylum application is precluded).[2] To the extent Kouadio has properly challenged the denial of withholding of removal and CAT relief, see Meyers v. Starke, 420 F.3d 738, 742-43 (8th Cir. 2005) (to be reviewable, issue must be presented with some specificity), we find that those claims were properly denied, see Beck v. Mukasey, 527 F.3d 737, 739-40 (8th Cir. 2008) (standard of review). For purposes of withholding of removal, the record does not establish a clear probability of future prosecution on account of a protected ground, see id. at 739; and Kouadio's contention that Muslim rebels will harm her due to her religion and ethnicity is not supported by documentary evidence, see Gebrehiwot v. Ashcroft, 374 F.3d 723, 726 (8th Cir. 2004) (given State Department's expertise in international affairs, it is reasonable for IJ to rely on Department's evaluation of current country conditions as they relate to likelihood of future persecution). We also agree with the IJ that Kouadio did not show eligibility for CAT relief, namely, that she would likely be subjected to torture which a public official inflicted or instigated, or to which the official consented or acquiesced, see Miah v. Mukasey, 519 F.3d 784, 788 (8th Cir. 2008); and we note that the evidence she references on appeal does not help her.

Accordingly, we deny the petition for review.

_____

[2]As to Kouadio's request to remand for reconsideration of whether she is entitled to voluntary departure, we also lack jurisdiction to consider the denial of voluntary departure. See 8 U.S.C. § 1229c(f); Fofanah v. Gonzales, 447 F.3d 1037, 1040-41 (8th Cir. 2006).